IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAID MIRWAIS IBRHIMI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID N. STILL, District Director, San Francisco District, Bureau of Citizenship and Immigration Services, U.S. Dept. of Homeland Security; EMILIO T. GONZALEZ, Director, Bureau of Citizenship and Immigration Services, U.S. Dept. of Homeland Security; MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ALBERTO GONZALES, U.S. Attorney General,<br><br>　　　　　Respondents. | No. C06-5968 MJJ<br><br>**ORDER GRANTING IN PART RESPONDENTS' MOTION TO REMAND TO UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS)** |

## INTRODUCTION

Before the Court is Respondents' Motion to Remand to the United States Citizenship and Immigration Services ("USCIS") With Instructions. (Docket No. 14.)  Petitioner Said Mirwais Ibrahimi ("Petitioner" or "Ibrahimi") opposes the motion.[1]  For the following reasons, the Court **GRANTS IN PART** Respondents' Motion to Remand.

## FACTUAL BACKGROUND

Petitioner was born in Afghanistan on February 5, 1960.  (Petition for Hearing on Naturalization Application p.5 06-5968 Docket # 1-1 ("Petition")).  He has been a lawful permanent

---

[1] Respondents did not file a reply brief.

resident in the United States since December 1, 1981. *Id.* Petitioner filed an Application for Naturalization (Form N-400) through counsel on August 30, 2004. *Id.* An FBI name check was initiated for Petitioner on September 21, 2004. (Declaration of Richard Ricks ¶ 14.) Petitioner was examined on October 12, 2005 for naturalization at the USCIS San Francisco office. *Id.* On June 1, 2006, Petitioner sent a letter to the Immigration Officer at the San Francisco Office of the USCIS by certified mail, asking about the status of his case. Petition at 6. On June 22, 2006, Petitioner received a response, which indicated that his application was "still pending for the completion of all necessary background checks," and that a decision cannot be made until the case has completed the security checks. *Id.* On October 16, 2006, USCIS requested that the FBI expedite the name check. (Declaration of Richard Ricks ¶ 14.) Petitioner Ibrahimi filed his Petition for Hearing on Naturalization Application on October 26, 2006, over one calendar year from his interview with the USCIS.

## LEGAL STANDARD

8 U.S.C § 1447(b) provides for judicial review of a naturalization petition in which a decision has not been made within 120 days of the examination. The statute states as follows:

> If there is failure to make a determination under [INA] § 335 [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

Courts have determined that the "examination" referred to in this provision is the initial interview scheduled under 8 U.S.C. § 1446. *See U.S.A. v Hovsepian*, 359 F.3d 1144, 1151 (9th Cir. 2004) (treating the initial interview date as the trigger for the 120-day period for § 1447(b)); *El-Daour v. Chertoff*, 417 F.Supp.2d 2d 679 (W.D.Pa. 2005) (finding that interview date was the date of "examination" under § 1447(b)).

When an action is filed under 8 U.S.C. § 1447(b), the Court may provide relief by adjudicating the naturalization application. In the alternative, the Court may remand the matter to the USCIS with appropriate instructions.

## ANALYSIS

**A.     The Procedure for the Evaluation of Applications for Naturalization.**

A lawful permanent resident alien may be naturalized as a United States citizen if he meets the five-year statutory residency requirement, has resided continuously in the United States from the date of her application to the time of admission as a citizen, and is of good moral character. *See* 8 U.S.C. § 1427(a).

Under the statutory scheme, the naturalization process commences with filing a Form K-400 application for naturalization. *Id.*, § 1445(a); 8 C.F.R. §§ 334.2 & 316.4. The Immigration Service then conducts a background investigation of the applicant, including a review of all pertinent immigration and police records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Next, the applicant is interviewed by an examiner who is authorized to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.

If the application is denied, the applicant may request an administrative hearing before a senior immigration examiner. 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2. The hearing must be conducted promptly, no later than 180 days from the date the appeal is filed. 8 C.F.R. § 336.2(b). If the examiner upholds the denial, the applicant may seek a de novo review in federal district court. 8 U.S.C. § 1421(c); 8 C.F.R. § 336.9(b) & (c). However, the complete review of the naturalization applicant is not limited solely to the interview by the examiner. The USCIS may also subpoena other witnesses and request relevant books, papers, and documents that may be relevant to the determination.[2] Further, Congress has added yet another requirement to the consideration of an application for naturalization: completion of a criminal background investigation of the applicant. Public Law 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, provides in part that:

---

[2] 8 U.S.C. § 1446(b) provides:
(b) Conduct of examinations; authority of designees; record
The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization. For such purposes any such employee so designated is authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any applicant for naturalization, to administer oaths, including the oath of the applicant for naturalization, and to require by subpoena the attendance and testimony of witnesses, including applicant, before such employee so designated and the production of relevant books, papers, and documents, and to that end may invoke the aid of any district court of the United States; and any such court may, in the event of neglect or refusal to respond to a subpoena issued by any such employee so designated or refusal to testify before such employee so designated, produce relevant books, papers, and documents if demanded, and testify; and any failure to obey such order of the court may be punished by the court as a contempt thereof. The record of the examination authorized by this subsection shall be admissible as evidence in any hearing conducted by an immigration officer under section 1447(a) of this title. Any such employee shall, at the examination, inform the applicant of the remedies available to the applicant under section 1447 of this title.

3

> During fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997.

To give effect to Congress' enactment of this requirement, the USCIS adopted a regulation requiring that no examination begin until after the Service received the FBI's report of its full criminal background check. 8 C.F.R. § 335.2(b) provides:

> (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:
>
> (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
>
> (2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or
>
> (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

8 C.F.R. § 335.2(b) (adopted March 17, 1998). Under this regulation, until the FBI completed its record review, the USCIS cannot adjudicate the petitioner's naturalization application. *See also* Public Law, 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448.

**B.     Remand is Appropriate Because the Petitioner's Background Check is Still Pending.**

Because more than 120 days have passed since USCIS interviewed Petitioner, this Court has jurisdiction to consider the motion. This Court may "either determine the matter or remand the matter, with appropriate instructions, to [CIS] to determine the matter." 8 U.S.C. § 1447(b). For the following reasons, the Court remands the case to the USCIS with instructions.

4

1    First, this Court is no better equipped to conduct background checks of
2 naturalization applicants. *Manzoor v. Chertoff*, 2007 WL 413227 *7 (E.D.Va. 2007).
3 In this case, the FBI has not completed the background check.  However, Petitioner
4 admits to two prior convictions (Petition for Hearing on Naturalization Application p.
5 7.)  In 1987, Petitioner was convicted for conspiracy to distribute narcotics in New
6 York, although he alleges that his conviction has been purged for Petitioner's
7 cooperation as an undercover agent for the Department of Justice Drug Enforcement
8 Agency.  *Id.*  Petitioner was also convicted for the solicitation of a prostitute in 1991.
9 *Id.*  Complexities raised by the Petitioners' criminal record, combined with his
10 asserted cooperation with authorities as an undercover agent, may be a factor in the
11 delay in completing the FBI background check.  (Ricks Decl. ¶¶ 6-8.)  Moreover,
12 these prior convictions, as well as the relevance of his asserted cooperation with the
13 Department of Justice, can best be evaluated by the FBI and USCIS.  Further, the
14 USCIS may need to interpret the results of the background check and conduct follow
15 up questioning of an applicant.
16    Plainly, USCIS and the federal law enforcement agencies with which it works
17 in the investigative process have a great deal more expertise than the Court in both (a)
18 identifying the potentially problematic information that has been uncovered in a
19 background check, and (b) following up to determine whether this information truly
20 reflects legitimate national security or public safety concerns, or instead is merely a
21 "false positive."  *Khelifa v. Chertoff*, 433 F.Supp.2d 836, 844 (E.D. Mich. 2006).  Just
22 as the background check are best left to the FBI, the review of the results of the
23 mandatory background checks and any follow-up questioning of an applicant are best
24 left to the USCIS.  *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) (explaining
25 that "a court of appeals should remand a case to an agency for decision of a matter that
26 statutes place primarily in agency hands").
27    Second, the Court finds no benefit in discouraging USCIS from continuing its
28 practice of scheduling interviews prior to the completion of the FBI background

5

1  checks. *Manzoor,* 2007 WL 413227 at *7. Here, the USCIS did in fact conduct
2  Petitioner's interview prior to the completed background check. However, while
3  Congress intended the 120 day time period to run from the completion of the
4  interview, the primary concern was to accelerate the application process, not impede
5  it.
6  *Id.* It is beneficial to both USCIS and naturalization applicants if the agency opts to
7  get a head start on the application process by conducting interviews prior to the
8  completion of the background checks. Importantly, nothing in Section 1447(b)
9  mandates that USCIS make a decision within 120 days of the initial interview. Rather,
10  when USCIS fails to do so, Section 1447(b) merely provides a district court with
11  jurisdiction to determine the matter or remand the matter back to USCIS. Lastly, the
12  USCIS lacks authority to grant an application for naturalization until the background
13  checks are completed. *See* 8 U.S.C. § 1446(a). The USCIS has failed to make a
14  timely decision on Petitioner's application due to delays in the completion of the
15  background checks.
16        The Court therefore finds remand to be the most prudent course of action.
17  However, given that Respondents were unable to provide any timeline by which the
18  FBI name check is expected to be completed, the Court does not believe that an open-
19  ended remand furthers the administration of justice. The Court will therefore
20  conditionally remand this matter to the UCSIS and provide the UCSIS examiner until
21  the end of August 2007 to grant or deny Petitioner's application. The Court reserves
22  jurisdiction and will exercise its jurisdiction to resolve Petitioner's application in the
23  first instance if Petitioner's application has not been ruled on by August 2007.

### CONCLUSION

25        Respondents' Motion to Remand to the United States Citizenship and
26  Immigration Services With Instructions (Docket No. 14.) is **GRANTED IN PART**.
27  The matter is conditionally remanded to the UCSIS to allow UCSIS to make an initial
28  determination on Petitioner's naturalization application by the end of August 2007.

1  The parties shall report to the Court by August 31, 2007 regarding the status of
2  Petitioner's naturalization application.  The Court reserves jurisdiction over this matter
3  to the extent Petitioner's application has not been ruled on by August 2007.

**IT IS SO ORDERED.**

Dated: March 19, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE